# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| ELIZABETH ANN BOWEN, <br><br> Plaintiff, <br><br> v. <br><br> ROBERT WILKIE, Secretary of Veterans Affairs, <br><br> Defendant. | CV-18-90-GF-BMM <br><br> **ORDER** |

United States Magistrate Judge John Johnston entered Findings and Recommendations in this matter on April 17, 2019. (Doc. 33.) Judge Johnston recommended as follows: that the Court grant Defendant Robert Wilkie's Motion to Dismiss (Doc. 17); that the Court deny as moot Plaintiff Elizabeth Ann Bowen's Motion for Summary Judgment (Doc. 20); and that the Court dismiss without prejudice the instant action. (Doc. 33 at 6-7.) Bowen, proceeding pro se, timely objected to Judge Johnston's Findings and Recommendations on April 30, 2019. (Doc. 35.) Because the parties are familiar with the facts, the Court will not recite them here.

Bowen seeks to have the Court reconsider Judge Johnston's Findings and Recommendations, and to have the Court grant an oral hearing so that Bowen can provide the Court with facts supporting the instant action. (Doc. 35 at 1.) Bowen supports her request by inquiring to Court as to how she is suppose to allege, in

1

writing, the various instances of discrimination and harassment she faced throughout the course of her employment with the Veterans Affairs. *Id.* The questions that Bowen states in her objection provide the Court with an abundance of facts.

The Court acknowledges that Bowen admittedly has failed to lodge proper objections to Judge Johnston's Findings and Recommendations. *See Montana Shooting Sports Ass'n v. Holder*, 2010 WL 4102940, at *2 (D. Mont. Oct. 18, 2010) (citation omitted). As a result, the Court ordinarily would review Bowen's objections for clear error. *See McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). The facts that Bowen has provided in her objection, however, may have allowed the Court to reasonably infer that the misconduct that Bowen alleges occurred if Bowen had alleged these same facts in her amended complaint. The Court will recharacterize Bowen's objections, however, as a motion for leave to amend her complaint.

The Court freely will give a moving party leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). "Indeed, under Rule 15, leave to amend should be granted unless amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." *United States v. Gila Valley Irrigation District*, 859 F.3d 789, 804 (9th Cir. 2017). None of these factors support denying Bowen leave to file a second amended complaint in light of the

2

factual allegations asserted as questions in Bowen's objections to Judge Johnston's Findings and Recommendations and in light of Bowen proceeding pro se. Bowen shall file a second amended complaint within 30 days of the date of this Order.

The Court warns Bowen that her failure to plead sufficiently her causes of action in her second amended complaint will result in the Court dismissing her case. The Court will remind Bowen that she must comply fully with the requirements of Federal Rule of Civil Procedure 8(a) in order to plead sufficiently a cause of action. Rule 8(a) provides as follows:

(a) Claim for Relief. A pleading that state a claim for relief must contain:

(1) a short and plaint statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

(3) A demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a).

A short and plain statement for purposes of Rule 8(a)(2) "does not require detailed factual allegations, but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (internal quotations and citations omitted). Statements that act as "labels and conclusions" or otherwise constitute "a formulaic recitation of the elements of the

3

cause of action" fail to suffice. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Statements that constitute "naked assertion[s] devoid of further factual enhancement" likewise fail to suffice. *Iqbal*, 556 U.S. at 678 (internal quotations and citations omitted).

In other words, Bowen must plead sufficient factual content that would allow the Court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citation omitted). Bowen attempts to allege the conduct that could support the following ten causes of action in her amended complaint: (1) employment discrimination; (2) employment discrimination based on her race; (3) employment discrimination based on her national origin; (4) discrimination; (5) harassment; (6) hostile work environment; (7) retaliation; (8) a cause of action in violation of the Prohibited Employment Policies and Practices; (9) a cause of action in violation of the Age Discrimination in Employment Act of 1967; and (10) a cause of action based on the Americans with Disabilities Act of 1990. (Doc. 16 at 2.) The Court urges Bowen to consider narrowing the number of causes of action to reflect only those claims that the facts could support.

Bowen must plead facts sufficient to allow the Court to draw reasonable inferences that each of these alleged cause of actions occurred. To do so, Bowen must determine whether she can allege facts to establish the elements necessary to prove each cause of action. Bowen must then tailor the alleged facts to the

4

elements of each of her causes of action. The facts presented in Bowen's objection, recharacterized as a motion for leave to amend, provide Bowen with a good starting point.

Accordingly, IT IS ORDERED:

1. Judge Johnston's Findings and Recommendations (Doc. 33) is OVERRULED AS MOOT.

2. Wilkie's Motion to Dismiss (Doc. 17) is DENIED AS MOOT.

3. Bowen's Motion for Summary Judgment (Doc. 20) is DENIED AS MOOT.

4. Bowen's objections, recharacterized as a Motion for Leave to Amend Complaint (Doc. 35), is GRANTED. Bowen shall file a second amended complaint within 30 days of the date of this Order.

DATED this 3rd day of July, 2019.

Brian Morris
United States District Court Judge