FILED

October 23, 2019

Clerk, U.S. District Court
District of Montana
Great Falls Division

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| ELIZABETH ANN BOWEN,<br><br>    Plaintiff,<br><br>vs.<br><br>ROBERT WILKIE, Secretary of Veterans Affairs,<br><br>    Defendant. | CV 18-90-GF-BMM-JTJ<br><br><br>**FINDINGS AND RECOMMENDATIONS** |

## BACKGROUND

Plaintiff Elizabeth Bowen (Bowen) has brought this lawsuit against her former employer, the Department of Veterans Affairs (VA).  Bowen worked for the VA as an Administrative Assistant in the VA's Community Based Outpatient Clinic in Great Falls, Montana from December 2012 through February 21, 2017. Bowen asserts claims against the VA for sexual discrimination, retaliation, and disability discrimination.

Presently before the Court is the VA's motion to dismiss Bowen's disability discrimination claim under Fed. R. Civ. P. 12(b)(6).  The VA argues that Bowen's disability discrimination claim should be dismissed because she has failed to allege sufficient facts to support a cognizable claim for disability discrimination.

The VA alleges that Bowen's disability discrimination claim is deficient because:
1) Bowen has alleged no facts showing that she is a person with a disability; and
2) Bowen has alleged no facts showing that the VA denied a request by her for a
reasonable accommodation. (Doc. 39 at 6-7). The motion has been referred to the
undersigned under 28 U.S.C. § 636(b)(1)(B) for findings and recommendations.

## DISCUSSION

### A.     Rule 12(b)(6) Standard

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil
Procedure tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d
729, 732 (9th Cir. 2001). Dismissal is appropriate Rule 12(b)(6) where the
complaint lacks sufficient facts to support a cognizable legal theory. *Mendiondo
v. Centinela Hospital Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

To survive a Rule 12(b)(6) motion, the complaint must contain sufficient
factual matter to state a claim for relief that is plausible on its face. *Ashcroft v.
Iqbal*, 556 U.S. 662, 678-79 (2009). A claim is plausible on its face when "the
plaintiff pleads factual content that allows the court to draw the reasonable
inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

When evaluating a Rule 12(b)(6) motion, the court must accept all
allegations of material fact contained in the complaint as true. *Johnson v. Lucent*

*Technologies Inc.*, 653 F.3d 1000, 1010 (9th Cir. 2011).

**B.**   **Pro Se Pleadings**

Bowen is proceeding *pro se*. The Court is required to construe Bowen's

pleadings liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hebbe v. Pliler*,

627 F.3d 338, 342 (9th Cir. 2010).

**C.**   **Bowen's Disability Discrimination Claim**

Bowen alleges that the VA discriminated against her in violation of 501 of

the Rehabilitation Act, 29 U.S.C. §§ 791 *et seq.* by failing to accommodate her

disability.  To state a prima facie case for failure to accommodate, Bowen must

allege: 1) that she is a person with a disability; 2) that she is able to perform the

essential functions of the job with or without a reasonable accommodation; and

3) that a reasonable accommodation was possible.  See *Zukle v. Regents of the*

*Univ. of Cal.*, 166 F.3d 1041, 1045 (9th Cir. 1999).

With respect to the first element, Bowen describes her disability as "mental

health disability." (Doc. 37 at 4, 6; Doc. 2-1 at 5).  Bowen alleges that she has

been diagnosed with "Major Depressive Disorder" and "Post Traumatic Stress

Disorder (PTSD)." (Doc. 2-1 at 5).  Bowen alleges that her mental disability was

caused by sexual assaults she experienced while serving in the military. *Id.*

Bowen alleges that the VA was aware of her mental disability, because she had

3

discussed her disability with two of her supervisors at the VA. (Doc. 2-1 at 5; Doc. 37 at 4).

With respect to the second element, Bowen alleges that she was able to perform the essential functions of an administrative assistance given that she had worked as an administrative assistant for over four years. (Doc. 2-1 at 5).

With respect to the third element, Bowen alleges that the VA could have accommodated her disability by relocating her. (Doc. 37 at 4). Bowen alleges that her request for a "relocation" on December 12, 2015, was denied by the VA. *Id.*

Taking the allegations in Bowen's Complaint as true, the Court finds that Bowen has alleged sufficient facts to survive the VA's motion to dismiss under Rule 12(b)(6).

Accordingly, IT IS HEREBY RECOMMENDED:

That Defendant's Motion to Dismiss (Doc. 38) be DENIED.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district court judge will make a de

novo determination regarding any portion of the Findings and Recommendations to which objection is made.  The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Failure to timely file written objections may bar a de novo determination by the district court judge.

DATED this 23rd day of October, 2019.

John Johnston
United States Magistrate Judge